IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYRONE ELLIS                                                                                            PLAINTIFF

v.                                        Case No. 6:22-cv-6062

DR. THOMAS DANIEL (Ouachita River Correctional Unit);
NANETTE VOWELL (Medical Director/Doctor/Provider);
PATRICK DRUMOND (Advance Practice Nurse);
JOHN DOE (Provider/Doctor/Medical Director);
and WELLPATH, LLC                                                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed June 21, 2023, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 41. Judge Ford recommends that Defendants' Motion for Summary Judgment (ECF No. 26) be granted. Plaintiff has responded with objections. ECF No. 42. The Court finds the matter ripe for consideration.

### I.  BACKGROUND

While incarcerated at the Ouachita Regional Correctional Unit, Plaintiff alleges that his constitutional rights were violated. He files this lawsuit pursuant to 42 U.S.C. § 1983. In his second amended complaint (ECF No. 14), Plaintiff alleges three claims: (1) that Defendant Dr. Thomas Daniel denied and delayed Plaintiff's receipt of the multiple sclerosis ("MS") drug Mavenclad, causing his immune system to attack his spine; (2) that Defendant Nanette Vowell denied and delayed his receipt of the MS drug Mavenclad, causing his immune system to attack his spine; and (3) that Defendant John Doe and Patrick Drummond denied and delayed his receipt of the MS medication Ocrevus, causing his MS to progress. For all three claims, Plaintiff proceeds

against all Defendants in their official and individual capacities. Plaintiff's official capacity claims center around the allegation that Wellpath, LLC,[1] Defendants' employer, does not have an inmate grievance policy for inmates.[2] Defendants argue that they are entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The

---

[1] Wellpath, LLC is the private medical contractor for the Arkansas Division of Correction.
[2] Plaintiff argued that because Wellpath, LLC did not have a grievance policy, exhaustion was not required. What Plaintiff has labeled as an official capacity claim is really an argument as to why exhaustion is not required. Judge Ford explained that the ADC grievance policy is expressly intended for inmate use concerning interactions with private contractors working with the ADC. Plaintiff's objections do not address this issue.

Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III.  DISCUSSION

Judge Ford recommends that the Court grant Defendants' summary judgment motion (ECF No. 26) because Plaintiff failed to exhaust his administrative remedies as required by the PLRA. The Court agrees with this recommendation.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  If an inmate has not fully exhausted his administrative remedies when he files his complaint, "dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*  The Arkansas Division of Correction's Administrative Directive 19-34 expressly provides:

> A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed.  An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance.
>
> . . .
>
> An inmate who fails to name all parties during the grievance process may

>    have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

ECF No. 27-2, at 5.

Here, there is only one grievance at issue (SNN20-00129). In this grievance, Plaintiff only named Defendant Daniel. Plaintiff did not ask for the conduct of Defendants Vowell, Drummond, John Doe, or Wellpath, LLC to be evaluated. Because Plaintiff failed to specifically name these Defendants in the grievance as required by Administrative Directive 19-34, he failed to exhaust the grievance procedures as to Defendants Vowell, Drummond, John Doe, or Wellpath, LLC.

Plaintiff argues in his objections that there is no "limit of names that can go in a complaint" and that exhaustion is not "inadequate simply because an individual later sued was not named in the grievance." ECF No. 42, at 2. Plaintiff cites to *Jones v. Bock*, 549 U.S. 199 (2007) in support of his argument. In *Jones*, the United States Supreme Court concluded that the state prisoners' Section 1983 actions were not automatically rendered non-compliant with the PLRA when those prisoners had failed to identify all the named defendants in the previous administrative grievance. *Jones*, 549 U.S. at 217. The Supreme Court explained that the PLRA does not require a prisoner to name all defendants to properly exhaust. *Id.* However, proper exhaustion does require completion of the administrative review process in accordance with the procedural rules, which are not defined by the PLRA, but by the prison's internal grievance process. *Id.* at 218. Thus, the Supreme Court stated that the level of detail that will be necessary for an inmate to comply with the administrative review process "will vary from system to system and claim to claim." *Id.* The prison policy at issue in *Jones* did not require inmates to identify each individual involved, and thus the Supreme Court found that the prisoners' grievance was not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219.

In the present case, Administrative Directive 19-34 expressly requires that, in the initial

grievance, the inmates "specifically name each individual involved." The Court notes that this is distinguishable from the facts in *Jones*, where the pertinent prison policy did not impose a requirement on inmates to identify each individual involved. *See Jones*, 549 U.S. at 218 (stating that the Michigan Department of Corrections' policy did not require the prisoners "to identify a particular responsible party" and thus the policy did not support "a conclusion that the grievance process was improperly invoked simply because an individual later named as a defendant was not named at the first step of the grievance process"). Thus, Plaintiffs' reliance on *Jones* is unpersuasive. Accordingly, the Court agrees with Judge Ford's recommendation that the claims against Defendants Vowell, Drummond, John Doe, and Wellpath, LLC be dismissed.

The Court turns now to Defendant Dr. Daniel, who Plaintiff did name in his grievance. Plaintiff alleges that he saw Dr. Daniel on May 11, 2020, at which time Dr. Daniel told him that an appointment to receive Ocrevus through an IV should be scheduled at UAMS. As of May 19, 2020, the day Plaintiff submitted his grievance, Plaintiff had not received the anticipated appointment. Plaintiff received a response to his grievance on May 19, 2020, which stated that the prison medical department was waiting on an appointment to be scheduled by UAMS. Plaintiff was later told that UAMS cancelled the infusion because of the COVID-19 pandemic and recommended an alternative medicine, Mavenclad. Mavenclad was ordered from a specialty pharmacy. On June 9, 2020, the prison medical department received the Mavenclad order. However, because Plaintiff had received the chicken pox vaccine on June 3, 2020, the medical recommendation was to wait six weeks before starting Mavenclad. On July 13, 2020, Plaintiff began receiving Mavenclad.

Plaintiff named Dr. Daniel in his grievance (SNN20-00129) that was filed on May 19, 2020; however, Plaintiff did not allege any wrongdoing by Dr. Daniel. In the grievance, Plaintiff's

sole reference to Dr. Daniel was that he saw Plaintiff on May 11, 2020, "in a c[h]ronic care visit and [Dr. Daniel] verbally told [Plaintiff] that [he] had an appointment to be scheduled to receive medication Ocrevus through IV at UAMS."  ECF No. 27-3, at 27.  Plaintiff then complained that he was still in need of the medication. ECF No. 27-3, at 27.  The grievance states only that Plaintiff saw Dr. Daniel who told Plaintiff that an appointment at UAMS had been scheduled for Plaintiff to receive his medication.  The grievance simply recounts the conversation Plaintiff had with Dr. Daniel and does not allege any conduct by Dr. Daniel caused Plaintiff harm.  Notably, Plaintiff does not allege that Dr. Daniel refused to schedule the appointment, failed to schedule the appointment, delayed in scheduling the appointment, or interfered with the scheduling of the appointment.  The evidence shows that the delay in treatment was caused by the COVID-19 pandemic and Plaintiff receiving the chicken pox vaccine.  Because Plaintiff did not allege in his grievance that Dr. Daniel's conduct caused the alleged delay or denial of medical care, the grievance cannot serve to exhaust his 42 U.S.C. § 1983 claim for denial and delay of medical care against Dr. Daniel.  Plaintiff's objections do not address Judge Ford's finding that Plaintiff failed to allege any wrongdoing by Dr. Daniel in the grievance.  Plaintiff's objections simply reiterate his claim that his medical care was delayed.  Accordingly, the Court agrees with Judge Ford's recommendation that the claims against Dr. Daniel should be dismissed.

## IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Ford's Report and Recommendation.  Therefore, the Court overrules Plaintiff's objections (ECF No. 42) and adopts the Report and Recommendation *in toto*.  ECF No. 41.  Defendants' Motion for Summary Judgment (ECF No. 26) is **GRANTED**, and Plaintiff's

claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of September, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge